UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :      CONSENT PRELIMINARY ORDER
               - v. -                                 :      OF FORFEITURE AS TO SPECIFIC
                                                      :      PROPERTY/MONEY JUDGMENT
HAROLD SATTAN,                                        :
                                                      :      FILED UNDER SEAL
               Defendant.                             :
                                                      :      S2 17 Cr. 297 (ER)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about November 1, 2018, HAROLD SATTAN (the "Defendant"), was charged in a three-count Superseding Information, S2 17 Cr. 297 (ER) (the "Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 841(a)(1) (Count One); using and carrying a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) (Count Two); and murder in furtherance of drug trafficking, in violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Three of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Three of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information that the Defendant personally obtained;

WHEREAS, on or about November 1, 2018, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Three of the Information and agreed to forfeit, pursuant to Title 21, United States Code, Section 853: (i) a sum of money representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information; and (ii) all right, title and interest of the Defendant in the following specific property: a Black 2012 Honda Pilot with Virginia Registration VKE6153 (the "Specific Property");

WHEREAS, the Defendant consents to entry of a money judgment in the amount of $120,000 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Three of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Luis Merced, William Skinner and Dorian Brooks (the "Co-conspirators") charged in *United States v. Merced*, 19 Cr. 832 (ER), to the extent forfeiture money judgments are entered against the Co-conspirators in that case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Count One of the Information;

WHEREAS, the Government and the Defendant agree that an interlocutory sale of the Specific Property is necessary in order to preserve its value pending the conclusion of the forfeiture proceedings, and that the net proceeds of the sale shall be held as the substitute res pending further order of the Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and

Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and the property used to facilitate the offense charged in Count Three of the Information, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Andrew K. Chan of counsel, and the Defendant, and his counsel, Jonathan Sussman, Esq., that:

1.      As a result of the offense charged in Count Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $120,000 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Three of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-conspirators charged in *United States v. Merced*, 19 Cr. 832 (ER),

to the extent forfeiture money judgments are entered against the Co-conspirators, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States is hereby authorized to conduct an interlocutory sale of the Specific Property in advance of the entry of a Final Order of Forfeiture.

6.      In furtherance of the interlocutory sale, the Defendant HAROLD SATTAN shall execute promptly any documents which may be required to convey clear title to the Specific Property and complete the interlocutory sale of the Specific Property.

7.      The net proceeds from the sale of the Specific Property will include all moneys realized from the sale of the Specific Property, except for the following:  any costs of sale,

sales commission, and other costs and expenses incurred by the Drug Enforcement Administration (the "DEA") and/or the United States Marshals Service (the "USMS") to effectuate the sale.

8.      The net proceeds shall be made payable to the United States Marshals Service (or its designee) and shall be held by the United States Marshals Service (or its designee) in the Seized Asset Deposit Fund pending entry of a Final Order of Forfeiture and will serve as a substitute res for the Specific Property (the "Substitute Res") in the above-captioned case, with all claims and defenses applicable to the Specific Property, including any other action that may be brought by the Government for forfeiture of the Specific Property or claims by third parties, to apply instead to the Substitute Res.

9.      Upon entry of a Final Order of Forfeiture as to the Specific Property, the Substitute Res shall be forfeited to the United States and the USMS (or a designee) shall be authorized to deposit the funds representing the Substitute Res into the Assets Forfeiture Fund.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant HAROLD SATTAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

11.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

12.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

13.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

14.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

15.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order

of Forfeiture as to Specific Property/Money Judgment and to amend it as necessary pursuant to

Rule 32.2 of the Federal Rules of Criminal Procedure.

17.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          3/8/22
        Andrew K. Chan                        DATE
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-1072

HAROLD SATTAN

By: _____          5/7/22
        Harold Sattan                         DATE


By:      /s/ Jonathan Sussman                 3-7-22
        _____        DATE
        Jonathan Sussman, Esq.
        Attorney for Defendant
        Sussman Law PC
        391 East 149th Street, Suite 205a
        Bronx, NY 10455


SO ORDERED:

_____               2/27/2023
HONORABLE EDGARDO RAMOS                       DATE
UNITED STATES DISTRICT JUDGE